IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT RYLAND III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-19-807-D |
| | ) | |
| BLUE CROSS BLUE SHIELD | ) | |
| HEALTHCARE PLAN OF GEORGIA | ) | |
| d/b/a ANTHEM BLUE CROSS BLUE | ) | |
| SHIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Robert Ryland filed this action seeking to recover benefits to which he claims he is entitled under his health insurance policy. Plaintiff seeks recovery under the Employment Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 *et seq*. He has raised specific claims for wrongful denial of benefits and breach of fiduciary duty. Defendant, Plaintiff's insurer, has filed a Partial Motion to Dismiss [Doc. No. 18] as to the fiduciary claim. Having reviewed the parties' submissions, the Court finds the Motion should be granted.

## Background

The First Amended Complaint [Doc. No. 13] alleges Plaintiff's insurance policy provided coverage for mental health and chemical dependency treatment. That coverage included in-patient treatment at approved facilities. *Id*. at 4-5. In May of 2018, Plaintiff's son experienced a mental health and substance abuse incident that eventually led to his hospitalization at an in-patient facility. *Id*. at 2-3. When Plaintiff sought payment for the

treatment at the in-patient facility, Defendant refused to pay, citing a lack of medical necessity. *Id*. at 4. Plaintiff sought relief through administrative remedies and then filed this suit. *Id*. In the First Amended Complaint, Plaintiff claims that Defendant arbitrarily and capriciously denied coverage because his son's treatment was a medical necessity and was covered under the policy. *Id*. at 5-6. Plaintiff also claims Defendant breached its fiduciary duty by denying coverage. *Id*. at 6.

## Motion to Dismiss Standard

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, in assessing plausibility, a court must first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Discussion**

Defendant argues that the fiduciary claim must be dismissed because Plaintiff cannot recover under a wrongful denial claim and an equitable claim under ERISA. Plaintiff claims that he is simply asserting alternative theories for relief as allowed under federal pleading rules.

Plaintiff is correct that FED. R. CIV. P. 8(d) allows for alternative pleading. Alternative pleading allows plaintiffs to cover all of their bases when factual or legal uncertainty creates situations where a plaintiff could conceivably recover under multiple legal theories. For instance, a plaintiff struck by a defendant may be unsure as to whether the contact was intentional or accidental. Federal pleading rules recognize the possibility that the facts as eventually established could cut either way and therefore allow a plaintiff to plead that the contact was both intentional and accidental and later narrow the claim as the facts merit. *See Kikumura v. Osagie*, 461 F.3d 1269, 1296 (10th Cir. 2006), *overruled on other grounds*, *Robbins v. Okla.*, 519 F.3d 1242, 1246 (10th Cir. 2008); *see also Boulware v. Baldwin*, 545 F. App'x 725, 729 (10th Cir. 2013) ("Federal pleading rules have for a long time permitted the pursuit of alternative and inconsistent claims."). The same is true when the facts are fairly consistent but the legal conclusions could differ, as when a plaintiff claims both that he is entitled to recovery from an existing contract and that he is entitled to recover on the basis of equity because a contract did not exist. In both situations, the facts pleaded and legal standards create a possibility for different outcomes, therefore alternative pleading is allowed. But alternative pleading does not absolve a plaintiff of the duty to present facts that would state a claim on all theories. *See Molitor v.*

*Mixon*, No. CIV-16-1202-HE, 2016 WL 9050778 at *2 n.3 (W.D. Okla. Nov. 21, 2016) ("[A] party may plead alternative theories arising out of the same facts, but there must still be some basis in those facts for concluding that a particular claim or theory of recovery is plausibly supported by them."). The Court must therefore determine whether the facts alleged in this case support the fiduciary claim.

The viability of Plaintiff's fiduciary claim depends on the structure and language of ERISA. ERISA was enacted to "protect employee pensions and other benefits by providing insurance . . . , specifying certain plan characteristics in detail . . . , and by setting forth certain general fiduciary duties applicable to the management of both pension and nonpension benefit plans." *Varity Corp. v. Howe*, 516 U.S. 489, 496 (1996). ERISA provides for civil enforcement of its provisions and allows certain parties to bring a civil action for certain types of relief. *See* 29 U.S.C. § 1132(a). The Supreme Court has examined the structure of ERISA's civil enforcement scheme and found it includes four subsections for specific types of legal relief and two subsections that serve as catch-all provisions under which a plaintiff can receive "appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Varity Corp.*, 516 U.S. at 512. If, however, a plaintiff can obtain adequate relief under a specific provision, equitable relief is not needed and is therefore not appropriate. *Id*. at 515.

There is no dispute that Plaintiff's wrongful denial claim relates to one of the specific subsections, § 1132(a)(1), and his fiduciary claim relates to a catch-all provision, § 1132(a)(3). Plaintiff also does not dispute that he can only recover under one of those provisions.

The facts in this case only support Plaintiff's wrongful denial claim. Plaintiff alleges that Defendant breached its fiduciary duty by wrongfully denying his benefits. That is a claim that fits squarely within § 1132(a)(1). Determining whether a beneficiary is entitled to benefits is a fiduciary act, but relief for that type of fiduciary act is available under § 1132(a)(1). *See Varity Corp.*, 516 U.S. at 511. Therefore, if the allegations are true, § 1132(a)(1) offers a complete remedy, meaning relief under the equitable catch-all provision is not appropriate.

Plaintiff fails to offer any other allegations of fiduciary actions that could give rise to equitable relief outside the context of § 1132(a)(1). Plaintiff has not demonstrated – based on the facts he alleges – any possibility that § 1132(a)(1) could not provide an adequate remedy for Defendant's denial of benefits, meaning there is no plausible claim for equitable relief. This is neither a situation where the same set of facts can support two different legal theories nor a situation where alternative facts are alleged. Instead, Plaintiff has alleged one set of facts that simultaneously states a claim under 1132(a)(1) and precludes a claim under 1132(a)(3). Under these circumstances, dismissal is appropriate. *See Bonham v. Jefferson Pilot Fin. Ins. Co.*, 2010 WL 1405448 at \*4 (W.D.N.C. Mar. 31, 2010) (acknowledging that a plaintiff can assert alternative claims for wrongful denial of benefits and breach of fiduciary duty but dismissed the fiduciary claim for failure to state a claim).

Plaintiff tries to avoid this result by arguing that he should be allowed to seek more information to support his fiduciary claim through discovery. This argument fails for two reasons. First, Plaintiff cannot use discovery as a fishing expedition in the hopes of

5

supporting a claim that does not pass muster at the pleading stage. *See McDonald v. Beko Assocs., Inc.*, No. 08-CV-328 TS, 2008 WL 2952278 at *2 (D. Utah, July 28, 2008). Second, and more importantly, Plaintiff's fiduciary claim cannot be salvaged simply by adding specifics to the existing allegations. Plaintiff would have to allege that Defendant engaged in a completely different course of conduct apart from granting or denying claims. Adding more facts regarding Defendant's denial of Plaintiff's medical claim would not make the fiduciary claim plausible.[1]

For the reasons discussed, Defendant's Partial Motion to Dismiss Count II of Plaintiff's First Amended Complaint [Doc. No. 18] is **GRANTED**. Plaintiff's claim for breach of fiduciary duty is **DISMISSED** without prejudice.

**IT IS SO ORDERED** this 26th day of December, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] This conclusion does not preclude Plaintiff from later amending to add a fiduciary claim if discovery reveals facts that might support such a claim.